UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN


In re:  Cognate Cases:                                    HON. ROBERT J. JONKER


| Case Name | Case No. |
|---|---|
| Steven J. Verburg, Nancy A. Williams<br>v.<br>Weltman, Weinberg & Reis Co., L.P.A.;<br>Midland Funding LLC;<br>Midland Credit Management, Inc.;<br>Encore Capital Group, Inc.; and<br>LVNV Funding, LLC | 1:13-CV-1328 |
| Denise Martin<br>v.<br>TenHouten Ringstrom, PLLC, et al. | 1:13-CV-1329 |
| Daniel Pryor<br>v.<br>Law Offices of Timothy E. Baxter & Associates, P.C.;<br>Midland Funding LLC;<br>Midland Credit Management, Inc.<br>Encore Capital Group, Inc. | 1:13-CV-1330 |
| Michael Christian<br>v.<br>Law Offices of Michael R. Stillman, P.C. | 1:13-CV-1331 |
| Bruce Grant<br>v.<br>Shermeta, Adams & Von Allmen, P.C. | 1:13-CV-1332 |
| John P. Hunter<br>v.<br>Stenger & Stenger PC<br>Midwest Recovery Group LLC | 1:13-CV-1336 |
| John P. Hunter and Brian Hudson<br>v.<br>Mary Jane Elliott, PC<br>Portfolio Recovery Associates, LLC;<br>LVNX Funding, LLC | 1:13-CV-1338 |

| | |
|---|---|
| Joan Frances Kloosterman<br>v.<br>Law Office of Barbara Tsaturova PLLC | 1:13-CV-1340 |
| David Nota and Mary Beth Nota<br>v.<br>Muller, Muller, Richmond, Harms & Myers, P.C.<br>LHR Inc. | 1:13-CV-1344 |
| Andrea Stevens<br>v.<br>Schisler Law, PLC<br>Scott A. Schisler<br>Rustin Allen Schisler | 1:14-CV-10 |
| Ethel Walker<br>v.<br>Leikin, Ingber & Winters, PC;<br>George A. Leikin<br>Paul M. Ingber<br>Susan L. Winters<br>LVNV Funding, LLC | 1:14-CV-18 |
| Kathryn Campbell<br>v.<br>Berndt & Associates, PC<br>Karol A. Berndt<br>Robert E. Zielinkski<br>LVNV Funding, LLC | 1:14-CV-34 |
| Maureen Van Hoven<br>v.<br>Buckles & Buckles, PLC<br>Geraldine C. Buckles<br>Michael H. R. Buckles | 1:14-CV-60 |
| Mary Yarbrough<br>v.<br>Gray & Gray, PC, et al | 1:14-CV-234 |
| Mary Yarbrough<br>v.<br>Bader, Unifund CCR, et al. | 1:14-CV-277 |
| Peter Anda, et al.<br>v.<br>Roosen, Varchetti Y Olivier, PLLC, et al. | 1:14-CV-295 |

## ORDER

These are sixteen cognate cases arising under the federal Fair Debt Collection Practices Act. Plaintiffs also assert state law claims under the Michigan Collection Practices Act in each case, and under the Michigan Occupational Code in some cases. Defendants named include purchasers of consumer debt and their collection attorneys, as well as some allegedly related parties. Each case is a putative class action based on the core theory that Defendants routinely issued garnishments that misrepresented the nature and amount of judgment debts actually owed by including in the amount sought the costs of prior unsuccessful garnishments, contrary to MCR 3.101(R). A variety of defense motions are currently pending on the same basic legal issues. This Order addresses and resolves the common issues involving supplemental jurisdiction and other matters raised in pending Rule 12(b) motions.[1] The Court will address the defense motions on arbitration in a separate Order or Orders.

---

[1] The briefing time on motions related to supplemental jurisdiction has not fully run in all cases. However, Plaintiff's have had the opportunity to brief their position fully, and the Court has fully considered the position. Moreover, the Court did not necessarily expect separate motion practice on the issue when the Court raised supplemental jurisdiction at the Rule 16 conference. The Court often rules on supplemental jurisdiction issues sua sponte, after giving the parties an opportunity to address the issue.

Similarly, the briefing schedule has not fully run on all Rule 12(b)(6) motions addressing other common issues. However, the Court has been able to consider fully at least one complete set of briefs on the common issues. The Court has also been able to consider fully the moving party's position on certain issues, raised by only a single party, such as the defense of res judicata and collateral estoppel asserted in Case No. 1:14-CV-234, docket # 20. The Court is satisfied that the existing record adequately present the pertinent Rule 12(b)(6) issues, and in the interest of framing the case for timely and complete presentation of the class certification motions later this summer, and in the interest of curtailing the time and expense included in unnecessary briefing, the Court addressees and resolves the issues now.

Of course, any party that believes the Court has overlooked an issue unique to its position may bring the issue to the Court's attention in an appropriate motion. The Court will address the defense motions on arbitration in a separate Order or Orders.

## SUPPLEMENTAL JURISDICTION

At the Rule 16 Conference, the Court noted that supplemental jurisdiction under 28 U.S.C. § 1367 provides the only potential jurisdictional basis for the state law claims, and questioned whether the Court should exercise that jurisdiction in these cases. A number of defense motions seek dismissal of the state law claims on this basis. After considering these motions and the Plaintiffs' responses, the Court declines to exercise whatever supplemental jurisdiction it may have over the state law claims. All state law claims are therefore dismissed without prejudice, and the defense motions raising this issue are granted to that extent.

Supplemental jurisdiction "'is a doctrine of discretion, not of plaintiff's right.'" *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997) (*quoting Gibbs*, 383 U.S. at 726). "A district court has broad discretion in determining whether to exercise supplemental jurisdiction over state law claims." *Musson Theatrical, Inc. v. Federal Express Corporation*, 89 F.3d 1244, 1254 (6th Cir. 1996) (amended Jan. 15, 1998) (*citing Transcontinental Leasing, Inc. v. Michigan Nat'l Bank of Detroit*, 738 F.2d 163, 166 (6th Cir. 1984)). In determining whether to exercise supplemental jurisdiction, courts are to consider the "principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." *City of Chicago*, 522 U.S. at 172-73 (*quoting Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988)); *accord Musson*, 89 F.3d at 1254. "[T]he statute confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise." *Id.* at 173.

In this case, the Court likely has supplemental jurisdiction under § 1367(a), but the Court elects not to exercise that jurisdiction. Under 28 U.S.C. § 1367(c), a district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –

4

(1)     the claim raises a novel or complex issue of State law,
(2)     the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3)     the district court has dismissed all claims over which it has original jurisdiction, or
(4)     in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

These factors support a decision to decline supplemental jurisdiction over state law claims in these cases.

In the first place, managing sixteen cognate class actions under a single federal statute presents more than enough complexity for the Court and the parties.  Even though each case centers on a common legal theory, each involves a distinct putative class tied to the particular defendants involved in each separate case.  Adding additional classes focused on the state law claims would significantly add to the complexity and potential management difficulties.  The putative classes on the federal and state law theories would no doubt overlap in each individual case, but would not be identical.  In particular, the limitations period for the MCPA is six years, but for the FDCPA only one year.  This would mean a different and larger class on the State law theory.  This not only creates needless management problems, it also creates potentially distorted incentives when it comes to allocation of the resources of class counsel and settlement considerations.

Second, the legal theories and potential defenses under the state and federal theories also differ.  Presenting related, but nevertheless distinct, legal theories and defenses on behalf of overlapping, but nevertheless distinct, classes would be confusing for not only the Court and the parties, but also for the jury called upon to decide the case.  From the Court's experience in other

cases involving parallel, but distinct, state and federal theories of relief,[2] the Court can readily conclude now that the complexity of jury instructions and the potential for jury confusion will be significantly increased if the Court were to exercise supplemental jurisdiction in this case.

Third, there are unique state law issues that counsel decline of supplemental jurisdiction in this case. The principal damages sought by plaintiffs in these cases will be statutory damages, rather than actual damages. Under Michigan law, class actions involving statutory damage claims are subject to special limitations. In particular, class actions are not allowed unless the "statute specifically authorizes its recovery in a class action." MCR 3.502(A)(5). This difference in state and federal practice raises significant federalism concerns. By permitting a class action to proceed here in federal Court based on a Michigan statute that would not authorize the State Court to proceed in such fashion, this Court would potentially flout the policy choices of the State of Michigan.

For all these reasons, the Court declines to exercise supplemental jurisdiction over state law claims.

<h3 style="text-align:center">OTHER RULE 12 ISSUES</h3>

**A.     Challenges to State Law Claims**

Several of the pending defense motions raise Rule 12(b)(6) challenges to one or more of the state law claims. These challenges are dismissed as moot because the Court is declining to exercise supplemental jurisdiction over state law claims.

---

[2] Parallel, but distinct, theories of state and federal relief often arise in employment discrimination cases, in prisoner civil rights cases, in police misconduct cases, and in wage and hour cases. The Court has tried some cases with all state and federal claims going to the jury, and other cases with just the federal claims going to the jury. The cases tried with only federal claims are significantly more streamlined and smooth for the parties, the Court and the jury.

6

### B.     Article III Standing

At least one defense motion challenges the Article III Standing of some Plaintiffs on the theory that Plaintiffs seek only statutory damages, not actual damages; and that potential defense counterclaims exceed the maximum potential value of the FDCPA recovery.  Even assuming this is true, it in no way undermines the Article III standing of the affected Plaintiffs.  Plaintiffs have still asserted injury in fact under the FDCPA.  *See Eager v. Credit Bureau Collection Services, Inc.*, 2013 WL 5719224 at \*1 (W.D. Mich. Oct. 18, 2013) (Quist, J.).  If they prevail, they are entitled to affirmative relief.  Of course, they might also be subject to an adverse judgment on any counterclaim established against them.  This might affect the practical value of the case for them, but it in no way eliminates their standing to bring the case.

### C.     Rule 12(b)(6) Challenges to FDCPA Claims

Several defense motions challenge the legal sufficiency of Plaintiffs claims under the FDCPA.  The defense theories coalesce around two principal arguments, neither of which warrants relief at this time.[3]  Of course, defendants can reassert their legal defenses on Rule 56 motions in the context of a fully developed factual record.

The first defense argument — asserted on behalf of several debt buyer Defendants — is that the alleged wrongful actions were performed by attorneys, and not by the debt buyers themselves, and that the FDCPA does not impose on debt buyers vicarious liability for the misdeeds of collection

---

[3] There are some motions that include specific challenges to the sufficiency of allegations against a particular Defendant.  *See e.g.*  Case No. 1:14-CV-234, docket # 39 (challenging sufficiency of allegations against Defendant Encore); Case No. 1:14-CV-295, docket # 13 (challenging sufficiency of allegations against certain lawyer Defendants).  The Court is satisfied that Plaintiffs have sufficiently stated a claim against all Defendants at this time.  Discovery may reveal a basis for summary judgment in favor of one or more Defendants, but the time to test that will be on Rule 56 practice following discovery.

lawyers. Both the legal viability of vicarious liability, and the factual interaction of the debt buyer Defendants and their lawyers are in dispute. Even if the Court ultimately concludes that the debt buyers are not legally responsible for the alleged misdeeds of their lawyers—vicariously or otherwise—it will be helpful to make such a decision on a fully developed factual record. The nuance of interaction between debt buyers and counsel could easily affect the decision of whether, and under what circumstances vicarious liability is appropriate. Even if vicarious liability is not appropriate, the nuance of interaction could also affect whether a party is properly accountable for its own conduct even though an attorney ultimately signed the garnishment form. It is not hard to imagine situations in which debt buyers are active participants in structuring a collection strategy even if the lawyers themselves are implementing particular steps in the process. Plaintiffs have stated viable legal claims against all Defendants, and the time to test the strength of this potential defense is on a fully developed record.

The second defense argument is that certain Plaintiffs' claims based on garnishments to the State of Michigan cannot possibly succeed — even assuming Plaintiffs' core legal theory is correct — because it is impossible to know now whether the garnishments will ultimately be successful. In some cases, the defendants argue that Plaintiffs have no claims within the FDCPA limitations period apart from these state tax garnishments. The defense argument presumes the state tax garnishments remain open for several years. This is at least partly an issue of fact that the parties dispute at this time. In fact, Plaintiffs have already submitted a factual declaration on the issue. The time to test the strength of this potential defense—and its potential link to any limitations defense— is on a fully developed factual record following discovery.

8

### D. Issue Preclusion and Claim Preclusion

One Defendant challenges the Plaintiffs' claims on the theory that Plaintiffs' failure to object to the claimed costs in the garnishment process bars its FDCPA claim here. The Court rejects this defense. In the first place, none of the garnishments at issue here ripened into judgments against the principal debtor or the garnishee Defendant. Without a judgment of some kind, there is no basis for issue preclusion or claim preclusion. Second, there is no indication that the issue of costs was actually litigated in the garnishment action, thus eliminating any basis for issue preclusion. But most fundamentally of all, the garnishment process —at least as to the principal judgment debtor—is entirely ancillary to the principal judgment. Simply because the judgment debtor has an opportunity to object in the process does not mean that the debtor has to do so on pain of losing all potential state and federal causes of action for a judgment creditor's misuse of the collection process. Indeed, it is not at all clear how a judgment debtor would raise a FDCPA claim in the context of a state garnishment process. The Court is not aware of any case that has accepted Defendant's theory of res judicata based on a state garnishment process, and Defendant cited none. There are in contrast, at least two cases that have rejected similar defenses. *See*, *Todd v. Weltman, Weinberg & Reis, Co.*, 348 F. Supp. 2d 903 (S.D. Ohio 2004). *Cf. Stolicker v. Muller, Muller, Richmond, Harms, Myers and Sgroi PC*, 387 F. Supp. 2d 752 (W.D. Mich 2005) (distinguishing claims directed to the collection process from claims in the underlying collection litigation).

Accordingly, the defense motion on this issue (Case No. 1:14-CV-234, docket # 20) is **DENIED**.

9

## CONCLUSION

Accordingly, all state law claims are dismissed without prejudice because the Court declines to exercise supplemental jurisdiction. The defense motions on this issue are granted to this extent.[4] Rule 12(b) motions addressed to the sufficiency of the state law claims are dismissed as moot.[5] The Rule 12 motions covered by this order are otherwise denied.[6] The defense motions not resolved by this order are: (1) Case No. 1:13-CV-1338, docket # 37; (2) Case No. 1:14-CV-34, docket # 42; and (3) Case No. 1:14-CV-234, docket # 13, all of which touch on arbitration issues. Also still open is the arbitration aspect of docket # 13 in Case No. 1:14-CV-295.[7]

**IT IS SO ORDERED**.

Dated:   June 25, 2014                      /s/ Robert J. Jonker
                                            ROBERT J. JONKER
                                            UNITED STATES DISTRICT JUDGE

---

[4] Case No.1:13-CV-1328, docket # 38; Case No. 1:13-CV-1330, docket # 32; Case No. 1:13-CV-1331, docket # 26; Case No. 1:13-CV-1332, docket # 22; Case No. 1:13-CV-1336, docket ## 30 and 32; Case No. 1:13-CV-1338, docket # 36; Case No. 1:13-CV-1340, docket ## 24 and 26; Case No. 1:13-CV-1344, docket # 25; Case No. 1:14-CV-10, docket # 20; Case No. 1:14-CV-18, docket # 25; Case No. 1:14-CV-34, docket # 41 and # 39 (granting in part); Case No. 1:14-CV-60, docket # 23; Case No. 1:14-CV-234, docket # 24; Case No. 1:14-CV-295, docket # 33.

[5] Case No. 1:13-CV-1336, docket ## 37 and 39; Case No. 1:14-CV-234, docket # 22; Case No. 1:14-CV-277, docket # 20 finding as moot in part and denying in part.

[6] Case No. 1:13-CV-1328, docket # 36; Case No. 1:13-CV-1330, docket # 30; Case No. 1:14-CV-34, docket # 39 (denying in part) Case No. 1:14-CV-295, docket ## 10, 12 and 13 (except to the extent of the arbitration issue).

[7] In some cases, Defendants' filed renewed motions to dismiss in response to a First or Second Amended Complaint of Plaintiffs. These motions simply asserted the same defenses originally asserted by motion addressed in this order, and any such new defense motions are resolved consistent with the ruling in this order.