UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN P. HUNTER and
BRIAN HUDSON, for
themselves and class members,

      Plaintiffs,

CASE NO. 1:13-CV-1338

v.

HON. ROBERT J. JONKER

MARY JANE M. ELLIOTT, P.C.,
PORTFOLIO RECOVERY ASSOCIATES, LLC,
and LVNV FUNDING, LLC,

      Defendants.
_____/

## FINAL APPROVAL ORDER AND JUDGMENT

This case came before the Court for a fairness hearing of the proposed class action settlement on May 1, 2017, at 2:30 p.m., in Room 699, of the United States District Court for the Western District of Michigan, 110 Michigan Street NW, Grand Rapids. The Court gave all parties and interested persons an opportunity to be heard. Based on the submissions of the parties, the statements of counsel, the fairness of the settlement's terms, and for the reasons stated on the record, **IT IS ORDERED THAT**:

    1.    This Court grants final approval of the Settlement Agreement, including, without limitation, the releases included in it, and finds that the settlement is in all respects fair, reasonable, adequate, and in the best interests of all those affected by it. No timely objections were filed by class members. Accordingly, this Final Judgment and Order binds all members of the Class who did not opt out.

2. The Court has jurisdiction over Plaintiffs, John P. Hunter and Brian Hudson ("Plaintiffs"), the members of this Class, Defendants Mary Jane M. Elliott, P.C., Portfolio Recovery Associates, LLC, and LVNV Funding LCC ("Defendants"), and the claims asserted in this lawsuit.

3. This Court finds that the parties entered into the Settlement Agreement in good faith, following arms-length negotiations, and that it was not collusive.

## Class Certification

4. On December 2, 2016, under Federal Rule of Civil Procedure 23, the Court entered an Order Preliminarily Approving Settlement and Certifying Settlement Class (ECF No. 136) ("the Preliminary Approval Order").

5. The Preliminary Approval Order certified the following class and sub-class:

> All individual judgment debtors who were subject to a Michigan garnishment that: (1) was initiated between the dates of September 22, 2010, and the Preliminary Approval Date (the "Class Period"); (2) was signed by Mary Jane M. Elliott, P.C. by one of its attorneys; (3) was filed during the class period; and (4) included in the amount of the unsatisfied judgment then due (a) the costs of that garnishment or (b) the costs of a prior, unsuccessful garnishment (that is, a garnishment for which the garnishee did not disclose that it was indebted to the defendant, held any property subject to garnishment, or was the defendant's employer at the time it was served with the garnishment and for which the judgment creditor was not paid any money by the garnishee pursuant to the garnishment as of the effective date of the proposed Agreement in this lawsuit).

> There will be a Sub-Class consisting of those Class Members against whom Mary Jane M. Elliott, P.C. initiated the garnishment proceeding at issue between the dates of December 13, 2012 and the Preliminary Approval Date.

> The following persons, assuming that they otherwise meet the Class definition, will be excluded from the settlement class:

      a.      any person who is already subject to an existing general release that covers either of the defendants;

      b.      any person who is deceased as of the date of preliminary certification;

      c.      any person who has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the Class Period; and

      d.      any Class Member who timely mails a request for exclusion.

6.      The Preliminary Approval Order also appointed Plaintiff as the Class Representative and appointed attorneys Phillip C. Rogers and Michael O. Nelson as Class Counsel.

## Class Notice

7.      Plaintiff submitted the affidavit of Daniel J. Manion (ECF No. 160-1) to demonstrate that the "Notice of Class Action Lawsuit and Proposed Settlement (the "Notice") was sent to the members of the Class as ordered in the Preliminary Approval Order. The Court finds that the Notice and the process by which it was sent fully complied with the requirements of Rule 23 and due process under the United States Constitution, constituted the best notice practicable under the circumstances, and was due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

## Objections and Opt-Outs

8.      No class member has filed objections to the settlement.

9.      Twenty (20) class member has opted out of the class.

**Class Compensation**

10.  The Parties agreed in the Settlement Agreement that Defendants, for each of the approximately 97,629 class members, shall determine the amount of costs attributable to unsuccessful garnishments that had been added by Defendants to each class member's judgment balance and then either (1) verify that the amount has been deducted from the class member's judgment balance, or (2) notify the judgment creditor of the amount of costs attributable to unsuccessful garnishments that should be deducted by the judgment creditor from the class member's judgment balance. Defendants have represented under oath that the adjustment amount for unsuccessful garnishments would be approximately $31.00 per person.

The Settlement Agreement states that there are approximately 97,629 class members. Accordingly, with an average adjustment of $31.00 per class member, the benefit to the class in adjustments totals approximately $3,026,499.00.

The Settlement Agreement also provides that when a class member's adjusted balance is a negative amount, Defendants shall pay the class member an amount in cash equal to the class member's overpayment. Defendant has represented in the Settlement Agreement that the estimated amount of overpayments to be paid to class members in cash totals approximately $204,727.85. Defendants represent that approximately 5,000 of the approximately 97,629 class members qualify to be paid in cash.

The Settlement Agreement also provides that Defendants shall pay statutory damages in the amount of $140,000.00 to a one-year subclass of approximately 48,550 persons, pro rata, by way of credits to subclass members with unpaid judgment balances, or in cash to subclass members who

paid judgment balances. Based on the forgoing, the benefit to the class and subclass totals approximately $3,166,499.00.

All distribution checks will expire ninety (90) days after issuance. In the event a distribution check expires or is returned as undeliverable without a forwarding address, such undistributed funds shall result in a *cy pres* distribution to Legal Aid of Western Michigan for use in consumer protection and/or consumer education.

In addition to the distribution to the Sub-Class, within thirty (30) days of the Finality Date, Defendant Mary Jane M. Elliott, P.C. shall send to each Class Member for whom it currently represents the judgement creditor in the state court action involving the Class Member, maintains an open file for the Class Member, and can reasonably ascertain an adjusted balance, a letter referencing the state court judgment stating: "Pursuant to the court-approved settlement in Case No. 1:13-cv-1338-RJJ in the U.S. District Court for the Western District of Michigan, captioned *Hunter v. Mary Jane M Elliott, P.C.,* the current balance due on the judgment in the state court case is $[adjusted balance]." In the event that Defendant Mary Jane M. Elliott, P.C. has previously communicated the Adjusted Balance to the Class Member, it is relieved of the obligation of sending the aforementioned letter.

## Incentive Award, Attorneys' Fees, and Costs

11.     The Court approves and awards statutory damages of $1,000.00, and a $2,500.00 incentive award to Plaintiffs, John P. Hunter and Brian Hudson , for serving as class representatives in this matter. In accordance with the Settlement Agreement, Defendants will pay that amount within thirty (30) days of the Agreement's Effective Date.

12. The Court approves and awards attorneys' fees to Class Counsel in the amount of $200,000.00. Defendants will pay those amounts within thirty (30) days of the Agreement's Effective Date.

13. The Court finds the incentive payment, attorneys' fees, and costs reasonable for reasons recited during the Fairness Hearing.

### Releases and Dismissal

14. All claims or causes of action of any kind by Plaintiff and all Class members against the Defendants shall be forever barred and released under the terms of the releases set forth in the Parties' Settlement Agreement.

15. This lawsuit is dismissed with prejudice as to Plaintiff and all members of the Class and without fees or costs except as provided above.

### Other Provisions

16. The Court expressly adopts and incorporates all the terms of the Settlement Agreement (ECF No. 139) by reference here.

17. This Court retains continuing jurisdiction over this action, Plaintiff, all members of the Class, and Defendants to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including, without limitation, their administration, implementation, interpretation, or enforcement.

18. The Parties to the Settlement Agreement shall carry out their respective obligations under it.

19. The Court finds that there is no just reason to delay the enforcement of or appeal from this Final Approval Order and Judgment.

**IT IS SO ORDERED**.

Dated:  May 2, 2017                              /s/ Robert J. Jonker
                                                 ROBERT J. JONKER
                                                 CHIEF UNITED STATES DISTRICT JUDGE